United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11429
Conference Calendar

CHARLES CLAY WARNER, JR.,

Plaintiff-Appellant,

versus

WILLIAM E. GONZALEZ; ROBERT R. TREON, Warden; HERMAN WESTON;
JAMES D. MOONEYHAM, Warden; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-174
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles Clay Warner, Jr., Texas state prisoner # 502362, has
filed an application to proceed in forma pauperis ("IFP") on
appeal following the magistrate judge's order granting the
defendants' motion for summary judgment and dismissing Warner's
42 U.S.C. § 1983 complaint.  Warner is effectively challenging
the magistrate judge's certification that he should not be
granted IFP status because his appeal was not taken in good

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

However, Warner argues that the magistrate judge's denial of his request to proceed IFP on appeal was improper because the magistrate judge focused on the merits of his claims rather than his indigency.  Warner has failed to show that the magistrate judge erred in determining that his appeal was not taken in good faith because Warner's underlying claims were frivolous.  Thus, Warner has failed to demonstrate that he is entitled to proceed IFP on appeal.  See Baugh, 117 F.3d at 201-02.  Accordingly, Warner's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of the three-strikes provision, 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Warner is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.